# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER HOOPER, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-0399 |
| : | |
| THE PENNSYLVANIA BOARD OF : | |
| PROBATION AND PAROLE, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                                             **FEBRUARY 6, 2019**

*Pro se* Plaintiff Christopher Hooper filed this civil action pursuant to 42 U.S.C. § 1983 against the Pennsylvania Board of Probation and Parole ("Board"), John J. Talaber Esq., and Morgan C. Davis. Hooper raises claims related to his recent incarceration on a parole violation and the Board's calculation of his sentence. For the following reasons, the Court will grant Hooper leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I. FACTS

Mr. Hooper alleges that he was arrested on "an alleged warrant from the Pennsylvania Board of Probation and Parole on June 27, 2016, and was detained at SCI Graterford until December 14, 2016." (Compl. at 6.)[1] Hooper contends that during this time period, he was not charged, provided a lawyer, or given a hearing. He also claims that he was not asked to sign a parole contract upon his release and was instead ordered to report in person to a state parole district office.

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

Hooper alleges that he refused to sign the parole contract at the district office and that he "objected to the signing because [he] requested legal mediation." (*Id.*) According to Hooper, parole agents signed their own names to the state parole contract and told Hooper that the contract was binding on him. Hooper was also informed that he would be arrested if he did not report to CEC Oxford, a halfway house in Philadelphia, on December 14, 2016 before 8:00 p.m. Hooper alleges that the halfway house processed him over his objection because he "did not consent to the rules." (*Id.* at 7.)

On January 10, 2017, parole agents arrested Hooper at CEC Oxford and charged him with violating conditions of his parole "even though there was no valid parole contract." (*Id.*) Hooper was taken to Kintock, another halfway house, and "detained and confined against [his] will and was coerced against threat of being locked in prison for the rest of [his] life, so [he] signed the consent to be there." (*Id.*) On February 20, 2017, Hooper was arrested for failing to complete the halfway house program at Kintock and brought back to Graterford.

On March 21, 2017, Hooper had a hearing before the Board. Hooper argued that he could not have violated conditions of parole because he was not subject to a valid parole contract. On May 1, 2017, the Board found Hooper guilty of violating the conditions of his parole and ordered him to serve nine months in prison. The Board also "extended" Hooper's maximum sentence by a period of 778 days during which he was allegedly "delinquent." (*Id.* at 7-8.) Hooper believes the Board's decision is improper and claims he was not given a hearing on the delinquency issue.

Hooper "repeatedly wrote to the parole [Board] explaining the injustice being done to [him] according to the U.S. Constitution, but [he] was repeatedly ignored, and [his] sentence was still miscalculated and extended beyond [his] maximum sentence expiration date." (*Id.* at 8.)

Hooper alleges that he is currently threatened with arrest if he fails to comply with the terms of his parole "even though [his] sentence has expired." (*Id.*)

Hooper filed this civil action pursuant to § 1983 based on the above allegations. He seeks damages for the time he has been "subjected to the dictates" of the Board and time he spent incarcerated. (*Id.* at 10.) He also appears to seek criminal justice reform including, among other things, the dismantling of the Board to "permit Pennsylvanians to serve flat sentences." (*Id.* at 9.)

## II. STANDARD OF REVIEW

The Court will grant Hooper leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Hooper is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, the Complaint fails to state a claim for relief.

      A.      **Hooper's Claims Are Not Cognizable**

"[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). The doctrine set forth in *Heck* has been extended to civil rights cases challenging parole and probation revocations. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Burton v. Delaware Cty. Court House*, No. 12-4175, 2012 WL 3223691, at *2 (E.D. Pa. Aug. 7, 2012).

Here, the vast majority, if not all, of Hooper's claims are based on his allegations that his constitutional rights have been violated in connection with the parole violations he was found to have committed, the term of incarceration he served in 2016, and his parole term as currently calculated by the Board. However, Hooper has not alleged that he successfully challenged the Board's findings or calculations. If the Board's decision is still in effect, which it appears to be

4

in light of the allegations in the Complaint, Hooper cannot proceed on his claims because those claims are not cognizable under *Heck*.

### B. The Board is Immune From Suit

Even if Hooper's claims were cognizable, the Board is not a proper Defendant in this case. That is because the Board, as part of the Commonwealth, is entitled to Eleventh Amendment immunity and, in any event, is not a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *see also Keller v. PA Bd. of Prob. & Parole*, 240 F. App'x 477, 479 (3d Cir. 2007) (per curiam) ("The District Court also properly dismissed Keller's claims against the Parole Board, as those claims were likewise barred by the Eleventh Amendment."). Accordingly, the Court will dismiss any claims against the Board with prejudice.

### C. Claims Against Talaber and Davis

To the extent Mr. Hooper is raising any claims that are cognizable, he has not alleged a basis for proceeding against Defendants Talaber and Davis. "[P]ersonal involvement of each defendant is a prerequisite to liability in § 1983 cases." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 291 (3d Cir. 2018). Here, however, Hooper has failed to explain how Talaber and Davis were at all involved in the alleged violations of his constitutional rights. It is not clear who these Defendants are or what they did or did not do that could provide a basis for liability under § 1983. The absence of such factual allegations provides another basis for dismissing Hooper's claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Hooper leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).  Hooper's claims against the Board will be dismissed with prejudice.  His claims challenging the constitutionality of the Board's calculation of his sentence, finding of guilt on parole violations, or related imprisonment are dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  To the extent Hooper has a basis for claims against Talaber and Davis that are not barred by *Heck*—which is not clear due to the lack of any factual allegations in the Complaint related to those two Defendants—his claims are dismissed without prejudice to amendment.  An appropriate Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**United States District Judge**