IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER HOOPER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-0399 |
| | : | |
| THE PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**McHUGH, J.**                                                                                                      **JANUARY 10, 2020**

Currently before the Court is an Amended Complaint filed by *pro se* Plaintiff Christopher Hooper pursuant to 42 U.S.C. § 1983 in which Hooper claims violations of his constitutional rights based on the alleged miscalculation of the term of his sentence by the Pennsylvania Board of Probation and Parole ("Board"). For the following reasons, the Court will dismiss Hooper's Amended Complaint.

## I.     FACTUAL ALLEGATIONS[1]

Mr. Hooper's claims are premised on his allegation that the Board has miscalculated his criminal sentence, causing him to serve time in prison and on parole in excess of his maximum

---

[1] The allegations of the Amended Complaint are in essence the same as those in Hooper's initial Complaint. In a February 6, 2019 Memorandum and Order, the Court granted Hooper leave to proceed *in forma pauperis* and dismissed his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with leave to amend. (ECF Nos. 4 & 5.) Hooper moved for counsel and an extension; the Court granted the extension but denied counsel. (ECF Nos. 8, 9 & 10.) Hooper filed a motion for reconsideration, which the Court denied while informing Hooper that he would be obligated to file an amended complaint without counsel's assistance. (ECF No. 12.) Hooper responded by filing a Notice of Appeal, followed by an Amended Complaint. (ECF Nos. 13 & 14.) The United States Court of Appeals for the Third Circuit recently dismissed Hooper's appeal for lack of appellate jurisdiction. (ECF No. 16.) Accordingly, this Court may now screen Hooper's Amended Complaint.

sentence date. Hooper alleges that his maximum sentence for crimes of which he was convicted was July 23, 2013. However, as a result of the Board's alleged miscalculation, Hooper was incarcerated for almost six months at the end of 2016, forced to reside at a halfway house in connection with a parole agreement he refused to sign, and returned to prison in 2017 for violating parole.

Hooper alleges that he challenged the calculation of his sentence before the Board and the Pennsylvania state courts. His efforts were unsuccessful, as the Board determined that he should be recommitted to state prison for nine months, and allegedly extended the expiration of his sentence by two years. The essence of Hooper's claims is his allegation that, although "at present [his] sentence is expired", the Board "continues to oppress [his] life claiming [he] still owe[s] time." (Am. Compl. ECF No. 14 at 13.)[2]

The Amended Complaint names as Defendants the Board and "all other parties involved in illegal detention of petitioner from June 27, 2016 to present." Hooper asks the Court to examine the Board's calculation of his sentence and for damages "for every day beyond [his] maximum sentence expiration date that [he] was subjected to parole." (*Id.* at 4.)

## II. STANDARD OF REVIEW

As Mr. Hooper is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

---

[2] The Court adopts the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Hooper is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As explained to Hooper in the Court's Memorandum dismissing his initial Complaint, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). The doctrine set forth in *Heck* has been extended to civil rights cases challenging parole and probation decisions. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Burton v. Delaware Cty. Court House*, No. 12-4175, 2012 WL 3223691, at *2 (E.D. Pa. Aug. 7, 2012).

3

The Amended Complaint seeks damages for Hooper's incarceration in connection with the alleged miscalculation of his sentence by the Board. However, it is also apparent from the Amended Complaint that, despite Hooper's efforts, he has not successfully challenged the Board's calculation. Accordingly, his civil rights claims for damages are not cognizable at this time. *Abbott v. Pennsylvania Dep't of Corr.*, 426 F. App'x 42, 43 (3d Cir. 2011) (per curiam) ("Under *Heck*, as relevant here, a civil-rights plaintiff cannot recover damages for harm caused by actions that implicate the length of his confinement unless he can prove that the erroneous calculation has been reversed, invalidated, or called into question by a grant of federal habeas corpus relief.").

To the extent Hooper is still in custody pursuant to the allegedly erroneous sentence and seeks to challenge the Board's calculation in federal court, he must do so by filing a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Indeed, Hooper has already filed a *habeas* petition challenging the Board's calculation of his sentence, and his petition is currently pending.[3] *See Hooper v. Dist. Att'y of Montgomery*, Civ. A. No. 19-3416 (E.D. Pa.). Furthermore, even if Hooper's claims were cognizable, the Board is not a proper Defendant in this case because the Board, as part of the Commonwealth, is entitled to Eleventh Amendment immunity and, in any event, is not a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *see also Keller v. PA Bd. of Prob. & Parole*, 240 F. App'x 477, 479 (3d Cir. 2007) (per curiam) ("The District Court also properly dismissed Keller's claims against the Parole Board, as those claims were likewise barred by the Eleventh Amendment.").

---

[3] It appears he was incarcerated at the time he filed that case, but a search of the Department of Correction's inmate locator system reflects that he is no longer incarcerated.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Hooper leave to proceed *in forma pauperis* and dismiss his Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Hooper's claims will be dismissed without prejudice to him filing a new civil rights complaint for damages only in the event the Board's calculation is reversed or otherwise invalidated.  The dismissal of this case also does not prevent Hooper from challenging the Board's calculation of his sentence in his pending *habeas* case.  An appropriate Order follows.

**BY THE COURT:**

**GERALD A. McHUGH, J.**